UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------------X
DIVISION 5, LLC,

Docket No.: 24-2918-cv

Plaintiff-Appellee,

-against-

FORA FINANCIAL ADVANCE LLC,

Defendant-Appellant.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS OR STAY APPEAL**

MURRAY LEGAL, PLLC
Attorneys for Defendant-Appellant
FORA FINANCIAL ADVANCE LLC
170 Old Country Rd., Ste 608
Mineola, New York, 11501
cmurray@murraylegalpllc.com
516-260-7367

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS AND/OR STAY APPEAL**

Defendant-Appellant respectfully submits this Memorandum of Law in Opposition to Plaintiff-Appellee's Motion to Dismiss and/or Stay this Appeal.

**PRELIMINARY STATEMENT**

Defendant-Appellant Fora Financial Advance, LLC ("Fora," or "Defendant" or "Appellant") opposes Plaintiff-Appellee Division 5, LLC's ("Division 5" or "Plaintiff" or "Appellee") Motion to Dismiss and/or Stay because the preliminary injunction being appealed remains live and in effect. Contrary to Division 5's contentions, the district court's subsequent order compelling arbitration and staying adjudication of the merits of the claims has no impact on this Court's jurisdiction to hear the appeal from the preliminary injunction, and the power to provide the requested relief. Appellee never opposed the appeal its motion is little more than an attempt to delay a ruling on an appeal that should be granted in its entirety. For the reasons stated in Appellant's Brief (ECF Doc. No. 18), this Court should rule that the trial court's preliminary injunction was based upon a clear error of law and reverse the Decision and Order.

Appellee argues that this appeal is moot and must be dismissed (or stayed) because the underlying case was stayed to compel arbitration and then the arbitrator decided to defer a decision on Appellant's arbitration motion to vacate the preliminary injunction. Despite styling its motion as a mootness argument, Appellee

is actually making a jurisdiction argument because the Arbitrator has reserved decision on a motion to dissolve the injunction based upon the disclosure of new facts to Appellant. Appellee is asserting that the arbitrator's decision somehow stripped this Court of jurisdiction by, in essence, assuming sole jurisdiction over the injunction's disposal. But that is simply not true, and it is not the way that jurisdiction works.

This Court has and retains jurisdiction on this appeal, and should decide the merits of the appeal because: (1) the district court retained jurisdiction over the preliminary injunction, and this Court retained jurisdiction over the appeal of the Order imposing the injunction, regardless of the stay and pending arbitration; (2) the Federal Arbitration Act ("FAA") does not strip this Court of jurisdiction to decide an appeal of a pre-arbitration preliminary injunction that was erroneously issued; and (3) this appeal concerns a live and ongoing controversy which will be resolved by this Court's decision.

Accordingly, this Court should deny Appellee's Motion to Dismiss and/or Stay the Appeal and proceed to the merits panel for determination in accordance with the Court's order. ECF Doc. No. 20.[1]

---

[1] Despite this Court's Order that Appellee must file a brief on or before May 14, 2025 (ECF Doc. No. 20), after Appellee requested that extended deadline, Appellee never filed an Appellee's brief. Insofar as Appellee claimed in its motion that its brief was due on June 6, 2025, that June 6, 2025, date appears to have been invented whole cloth. Appellee's suggestion that the stay in the district court pending arbitration somehow precluded it from filing its brief, is belied by the linear nature of time. ECF Doc. No. 21, p. 4, ¶ 7. The Order compelling arbitration was entered on May 30,

## FACTS AND PROCEDURAL POSTURE[2]

Division 5 filed this action in the district court on September 11, 2024. On the same day, it filed an emergency motion for a temporary restraining order and preliminary injunction. The district court granted the TRO request.

On September 20, 2024, Fora moved to compel arbitration and dismiss the complaint.

On October 11, 2024, Judge Oetken converted the TRO into a preliminary injunction. ECF Doc. No. 18, p. 64.[3] The district court entered an order enjoining Fora from employing any methods of enforcement or collection of any obligation owed by Division 5 to Fora and directed Fora to cease any ongoing collection efforts including the withdrawal of any lien letter that was previously sent to any of Division 5's customers. *Id.* The only evidence as to hardship and irreparable harm that Division 5 presented to support its request for a preliminary injunction was non-

---

2025, more than two weeks after Appellee's brief was due. Appellee filed the instant motion to dismiss on June 6, 2025, nearly a month after its deadline to oppose the appeal. ECF Doc No. 21. Appellee's unsupported assertion that the ongoing arbitration somehow precludes it from filing its brief in this appeal unsurprisingly has no legal support in the law or the Second Circuit rules. Accordingly, Appellee has waived its right to submit an appellate brief. *See* ECF Doc. 20 ("If the [Appellee's] brief is not filed by [the due] date, the appeal will proceed to the merits panel for determination forthwith, and Appellee will be required to file a motion for permission to file a brief and appear at oral argument. A motion to extend time to file the brief or to seek other relief will not toll the filing date").

[2] The facts have already been set forth in Appellant's brief (ECF Doc. No. 18). This memorandum sets forth only the facts and procedure relevant to its Opposition.

[3] Judge Oetken's orders dated October 11, 2024 and November 4, 2024 granting the preliminary injunction – the orders being appealed – are attached in a Special Appendix to Appellant's Brief (ECF Doc. No. 18). For ease of reference, this opposition motion will cite to the docket and docket page number.

specific, and conclusory testimony about the state of its business, without providing any of the necessary supporting documentation or detailed facts.

The district Court's order stated: "[S]hould the parties proceed in this action through binding arbitration, a duly appointed arbitrator or arbitral panel shall have the authority to modify or dissolve this injunction. *Id.* The district court therefore delegated to a duly appointed arbitrator the power modify or dissolve the injunction, but, crucially, Judge Oetken never abrogated his own ability to do the same. Indeed, in addition to allowing for a duly appointed arbitrator to modify or dissolve the injunction, Judge Oetken's order additionally, and explicitly provided that the injunction "is subject to modification by subsequent court order on a showing of good cause." *Id.* This sentence was not qualified by reference to whether or not an arbitration was pending when such a request might be made to the court. Nor could the District Court's order somehow deprive Fora of the right to seek appellate review of the District Court's order from this Court.

On October 14, 2024, Fora filed a commercial demand for arbitration against Division 5 with the AAA.

On November 4, 2024, the district court issued an opinion and order explaining and clarifying its award of injunctive relief. ECF Doc. No. 18, p. 65. The basis for the Court's order was only the conclusory testimony offered by Division 5, rather than any documentary evidence showing the actual financial straits

of the company. On that record, the district court concluded—notwthstanding the absence of supporting evidence of facts—sufficient hardship and irreparable harm to issue the injunction. *Id.* at 69-71. Moreover, the District Court's Order wholly misunderstood controlling law mandating that Division 5, a business entity, cannot assert claims arising from a theory of usury. Judge Oetken explained that even if the case were to go to arbitration as Fora had sought, the district court still had jurisdiction to issue a preliminary injunction to preserve the status quo pending arbitration. *Id.* at 14 (citing *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894-95 (2d Cir. 2015)). The district court order stated that "in the interests of facilitating the arbitration process, should one commence, the preliminary injunction is subject to later modification or dissolution by a duly appointed arbitrator." *Id.*

Through the arbitration process, Division 5 was ordered to produce requested discovery which showed that its financial situation was not as dire as it had represented and that Fora's allegations were correct. Such discovery has since shown that Division 5's representations to the District Court were objectively false when they made them, their situation would never have warranted an injunction then, and does not warrant the continuation of an injunction now.

On May 29, 2025, in accordance with Judge Oetken's previous orders, Fora filed a letter request to the arbitrator seeking to vacate the pre-arbitration preliminary injunction issued by Judge Oetken based on the new discovery it had obtained.

Crucially, and contrary to Appellee's argument, Fora was not seeking to "appeal" the issuance of the preliminary injunction by its arbitration motion. Rather Appellant requested that the arbitrator vacate or modify the preliminary injunction in accordance with Judge Oetken's orders because the new discovery produced by Division 5 contradicted the testimony that Judge Oetken relied upon as the basis for the preliminary injunction—namely financial information about Division 5 showing that the company was profitable and not in danger of shutting its doors. This was in accordance with Judge Oetken's orders acknowledging the arbitrator's purview to vacate or modify the preliminary injunction. *Id.* Nowhere did, nor could, the District Court strip this Court of its appellate jurisdiction to do so—and Fora never requested any such thing.

On May 30, 2025, the district court granted Appellee's motion to compel arbitration and stay the case. ECF Doc. No. 21, p. 30.[4]  The district court's order stated that with respect to the previously ordered preliminary injunction, it was to "remain in effect until such a time as it is modified or vacated *by this Court* <u>or</u> by a duly appointed arbitrator." *Id.* (emphasis added). The district court thereby explicitly noted that it retained jurisdiction while the case was stayed during the pendency of the arbitration, at least as pertains to its preliminary injunction order.

---

[4] Appellee attached Exhibits to its Motion (ECF Doc. No. 21), including Judge Oetken's May 30, 2024 Order compelling arbitration and staying the proceedings. For ease of reference, this opposition motion will cite to the docket and the docket page number.

On May 30, 2025, the Parties received an email from the case administrator at AAA relaying from the arbitrator that she would resolve Fora's request to vacate/dissolve the preliminary injunction as part of the award following hearings. ECF Doc. No. 21, p. 43.

Appellee then filed the instant motion to dismiss this appeal.

## ARGUMENT

### I. This Court Continues to Have Jurisdiction Over the Appeal of the Preliminary Injunction; the Arbitrator Cannot Unilaterally Strip the Court of Its Jurisdiction

District courts have the power to consider applications for preliminary injunctions while a dispute is being arbitrated. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894-95 (2d Cir. 2015) ("Where the parties have agreed to arbitrate a dispute, a district court has jurisdiction to issue a preliminary injunction to preserve the status quo pending arbitration. The standard for such an injunction is the same as for preliminary injunctions generally.") (citations omitted); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 238 (2d Cir. 2016) ("Generally, courts should consider the merits of a requested preliminary injunction even where the validity of the underlying claims will be determined in arbitration") (citation and quotation marks omitted).

There is no question that this Court has jurisdiction over an appeal of a district court's interlocutory order granting an injunction. *See* 28 U.S.C. § 1292(a)(1)

(providing federal courts of appeals jurisdiction over "interlocutory orders of the district courts of the United States … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions …."). The issue raised by Appellee's motion to dismiss is whether this Court retains that jurisdiction over the appeal while the preliminary injunction remains in effect regardless of whether the underlying case is stayed by an order compelling arbitration. Respectfully, the answer has to be yes.

*Benihana* is instructive. In *Benihana* the district court issued a preliminary injunction enjoining the defendant from, among other things, selling hamburgers or other unauthorized menu items or engaging in unapproved advertising at its Hawaii location. 784 F.3d at 893-94. Defendant timely appealed. *Id.* at 894. The parties' dispute was, in the meantime, submitted to arbitration. *See id.* at 902. The court found that the arbitration provision in the parties' contract was "inclusive, unconditional and unlimited" including the power to decide questions of arbitrability. *Id.* at 898. And the court acknowledged that "[o]nce arbitrators have jurisdiction over a matter, any subsequent construction of the contract and of the parties' rights and obligations under it is for the arbitrators to decide." *Id.* at 899. Nevertheless, the appeals court exercised its jurisdiction to examine the merits of the pre-arbitration preliminary injunction and ultimately affirmed the district court's injunction in some respects and reversed it in other respects. *Id.*

Similarly, in *Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co.* the Second Circuit affirmed the district court's order staying proceedings and directing the parties to arbitrate. 749 F.2d 124, 125 (2d Cir. 1984). At the same time, while the case was stayed and proceeding in arbitration, the court not only considered an appeal of the district court's denial of a preliminary injunction, the court reversed that denial and, exercising its own jurisdiction, considered the preliminary injunction factors and issued the requested preliminary injunction. *Id.* at 125-126. The point there is that the appellate court retained jurisdiction to hear the appeal even after the underlying case was stayed and the arbitration was proceeding.

Indeed, Appellee does not seem to disagree with this basic premise. Appellee's motion to dismiss, and counsel' assertion that he was precluded from filing an appeal brief, was based, not upon Judge Oetken's order compelling arbitration, but rather on the email from the arbitration case administrator relaying the arbitrator's decision to reserve a ruling on Appellant's request to dissolve the injunction based upon new facts disclosed to Fora. ECF Doc. No. 21, p. 6. Appellee is arguing that this Court thereby lost jurisdiction, and that counsel could not even file a brief because the arbitrator is planning to consider Appellant's motion to vacate the preliminary injunction as part of the ultimate arbitration proceedings.

But neither the arbitrator nor the District Court can unilaterally strip the district court of jurisdiction. Neither can the arbitrator, nor the district court for that matter, strip this court of its jurisdiction to hear a properly filed appeal of the district court's order granting the preliminary injunction. In *American Express Financial Advisors v. Thorley* (hereinafter "*Thorley*") the Second Circuit explained that even after arbitration had begun, "the pendency of arbitration proceedings does not usually constitute a basis on which a district court can decline to consider the merits of a preliminary injunction." 147 F.3d 229, 230 (2d Cir. 1998). The same reasoning applies to appellate jurisdiction over the merits of a preliminary injunction. In *Thorley* the district court had declined to consider the merits of a preliminary injunction because the judge concluded that American Express could just as quickly obtain the same temporary equitable relief from the arbitrator as from the court. *Id.* at 230-31. The appeals court admonished that this was not a valid exception to the *Roso-Lino* rule that courts should consider the merits of a requested preliminary injunction even where the validity of the underlying claims will be determined in arbitration. *Id.* The court then, despite the pending arbitration, remanded back to the district court for a decision on the merits of plaintiff's motion for preliminary injunction, a decision that the appeals court noted, "remains within the sound discretion of the district court." *Id.* at 232.

The District Court can, and here did delegate to, or acknowledge that the arbitrator also had authority to modify, dissolve, or vacate the preliminary injunction, but it did not, nor could it, grant the arbitrator the power to *overturn* the District Court's order because arbitration is not an appeal of the District Court's order. The district court's October 11, 2024, order allowed for the arbitrator to modify or dissolve the injunction, but noted that it also had the power to do so on a showing of good cause. ECF Doc. 20, p. 14. Similarly, in the district court's May 30, 2025 order compelling arbitration, it stated: "The Court's previously ordered preliminary injunction shall remain in effect until such time as it is modified or vacated *by this Court* or by a duly appointed arbitrator." *Id.*, p. 40.

The arbitrator, like the district court itself, may modify or dissolve the preliminary injunction if the evidence does not support, or no longer supports it. But that power does not preclude this Court from asserting jurisdiction over an appeal from the *issuance* of the injunction in the first instance.

For the reasons stated in Appellant's brief, namely Division 5's failure to carry its burden of production showing hardship or irreparable harm, the preliminary injunction was issued erroneously from the outset, and the Order should be reversed and vacated.[5] Put simply, the district court incorrectly applied the wrong legal

[5] As set forth in Appellant's brief, the Court also wrongly adjudged Division 5's likelihood of success on the merits. ECF Doc. 18, pp. 27-45.

standard. The injunction never should have been issued in the first instance.[6] For that reason, this Court should exercise its jurisdiction and proceed to the merits of the appeal to both correct the district court's erroneous order, and also to provide guidance regarding the proper standard for issuing a preliminary injunction in the commercial financing context.

### II. The FAA Required Stay Does Not Strip this Court of Jurisdiction to Decide the Pending Appeal of a Preliminary Injunction that Was Issued by the District Court

Appellee's reliance on the FAA's stay provision is misplaced. Appellant does not dispute that the FAA mandates a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested. *See Katz v. Celco P'ship*, 794 F.3d 341 (2d Cir. 2015). But that stay applies to the substantive issues being arbitrated. "The Second Circuit has repeatedly held that courts retain the power and the responsibility to consider applications for preliminary injunctions while a dispute is being arbitrated." *Gen. Mills, Inc. v. Champion Petfoods United States, Inc.*, No. 20-CV-181 (KMK), 2020 U.S. Dist. LEXIS 32924, *7 (S.D.N.Y. Feb. 26, 2020).

In this Circuit a district court stay to compel arbitration is not a final and appealable award that divests the district court of jurisdiction. *See Salim*

[6] Because the district court used the incorrect legal standard, it is also imperative to correct the legal record to prevent other court's from following the erroneous lead provided by Judge Oetken's order.

*Oleochemicals v. M/V Shropshire*, 278 F.3d 90, (2d Cir. 2002) (holding that dismissal without prejudice in favor of arbitration is appealable final decision under FAA, but explaining that granting of a stay is unappealable interlocutory order); *Cap Gemini Ernst & Young, U.S. L.L.C. v. Nackel*, 346 F.3d 360, 363 (2d Cir. 2003) (explaining that order compelling arbitration is final order only if district court then officially dismisses all claims not merely stays the action). As this Court explained in *Thorley*, neither the expectation of a speedy arbitration, nor the pro-arbitration policy manifested in the FAA "absolves the district court of its responsibility to decide requests for preliminary injunctions on their merits." 147 F.3d at 231 (citing *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1052, 1054 (2d Cir. 1990).

Appellee relies on a long quote from *Katz* for the proposition that the FAA requires a stay after all claims have been referred to arbitration. ECF Doc. No. 21, pp. 7-9. As noted in *Katz*, the stay is an unappealable interlocutory order. 794 F.3d at 345. But Appellee's conclusion that the FAA thus stays this Appeal does not follow.

The stay order compelling arbitration may be an unappealable interlocutory order, but that stay order is not the subject of the instant appeal. Appellant here has appealed the pre-arbitration order granting the preliminary injunction. And as noted, this Court has independent jurisdiction to hear an appeal of that particular

interlocutory order by 28 U.S.C. § 1292(a)(1) (providing federal courts of appeals jurisdiction over "interlocutory orders of the district courts of the United States … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions …."). *C.f. Dylan 140 LLC v. Figueroa*, 982 F.3d 851 n.2 (2d Cir. 2020) (holding that the FAA's bar on the appeal of interlocutory stay orders does not apply to appeals brought under independent jurisdiction of Section 301 of the Labor Management Relations Act) (citation omitted).

The Court's explanation in *Thorley* is applicable here. The FAA does not deprive a district court from issuing a preliminary injunction. 147 F.3d at 230. Likewise, the FAA does not deprive this Court from hearing an appeal of that preliminary injunction. Particularly here, where the appeal was timely commenced before the stay was issued in the district court.

## III. The Appeal Is Not Mooted by the Stay in the District Court and the Arbitrator's Decision Not to Immediately Rule on Fora's Request for the Arbitrator to Vacate the Preliminary Injunction

Appellee's FAA argument morphs into a mootness argument based on the arbitrator's decision not to immediately rule on Fora's arbitration motion to vacate. ECF Doc. No. 21, p. 9. Appellee argues that the preliminary injunction moots the current appeal and would render any decision by this Court as an advisory opinion. ECF Doc. No. 21, p. 7. A case is moot where no live controversy exists. *Swaby v.*

*Ashcroft*, 357 F.3d 156, 159 (2d Cir. 2004). "In order to satisfy the case-or-controversy requirement, petitioner must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id.* at 169-60 (quotation marks omitted).

Here Appellee appears to only be disputing the second prong, whether Fora's injury is likely to be redressed by a favorable judicial decision. Appellee specifically argues that because the case has been referred to arbitration, and because "the issue of the injunction too has been explicitly referred to the arbitrator" the issue will be mooted because by the time the stay is lifted and the matter comes back to the district court the arbitrator will have already ruled on Fora's arbitration motion to vacate the preliminary injunction. *Id.*, pp. 7-8.

Appellee's argument rests on the false premise, debunked above, that this Court is powerless to act on the appeal until the arbitration is complete. In other words, Appellee is arguing that the appeal *will be moot* after the arbitration is complete. But in *Thorley*, this Court explained that a pending arbitration that will determine the underlying claims is not an impediment to, and indeed should not be used as an excuse to preclude the adjudication of a preliminary injunction. 147 F.3d at 231. Citing *Blumenthal v. Merrill Lynch, Pierce, Fnner & Smith, Inc.*, 910 F2d 1049, 1052, 1054 (2d Cir. 1990), the *Thorley* court reiterated that "the expectation

of speedy arbitration does not absolve the district court of its responsibility to decide requests for preliminary injunctions on their merits. 147 F.3d at 231.

Appellant concedes that if the arbitrator had immediately *granted* its arbitration motion to vacate the district court's preliminary injunction based on the new evidence presented, this appeal would then be moot. There would be no further remedy that this Court could provide. But that is not the procedural posture in which we find ourselves.

Here, the preliminary injunction issued by the district court remains alive. Appellant is suffering a real injury because of the injunction. Appellant contends that the injunction was erroneously issued without the required evidentiary support. *See* ECF Doc. No. 18. Appellant has exercised its right to seek interlocutory review of the injunction. This Court has jurisdiction over the issue. And the requested relief—vacating the injunction—would redress Appellant's injury. The fact that the arbitrator may sometime in the future modify or vacate the injunction, is not sufficient to moot the controversy.[7]

---

[7] Even if this Court determines that district court's injunction was erroneous and should be vacated, nothing prevents Appellee from seeking a new preliminary injunction from the arbitrator if it is able to produce evidence—that it should have produced to the district court—sufficient to show hardship and irreparable harm in light of its current financial position.

## CONCLUSION

For the foregoing reasons, this Court should deny Appellee's Motion to Dismiss and proceed to the merits of this appeal.

**WHEREFORE**, Defendant-Appellant respectfully requests that this Court deny Plaintiff-Appellee's motion in its entirety, and award Defendant-Appellant any such further and different relief as this Court finds to be just and proper.

Dated:      June 16, 2025

/s/ Christopher R. Murray
Christopher R. Murray, Esq.
Murray Legal, PLLC
Attorney for Appellant
Fora Financial Advance, LLC
170 Old Country Rd., Suite 608
Mineola, New York 11501
Tel: (516) 260-7367
E-mail:
cmurray@murraylegalpllc.com

## CERTIFICATE OF COMPLIANCE

This Opposition complies with the type-volume of Fed. R. App. R. P. 27(d)(2)(A) because this brief contains 4,071 words, excluding accompanying documents authorized by Rule 27(a)(2). This brief complies with the typeface requirements of Fed. R. App. R. P. 32(a)(5) and the type style requirements of Fed. R. App. R. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.

Dated: June 16, 2025

/s/ Christopher R. Murray

Christopher R. Murray, Esq.
Murray Legal, PLLC
Attorney for Appellant
Fora Financial Advance, LLC
170 Old Country Rd., Suite 608
Mineola, New York 11501
Tel: (516) 260-7367
E-mail:
cmurray@murraylegalpllc.com